BENJAMIN GRATZ and ANDERSON GRATZ, etc., Respondents, v. M. M. GRAVES Co., INC., Appellant.— On reargument, judgment modified by reducing the amount of plaintiffs' recovery by one-eighth of a cent per yard for bagging received up to July 19, 1921; by three-eighths of a cent per yard for the remainder of the bagging actually received; by two cents per bundle for all of the 50,000 bundles of ties that were delivered and paid for on the 50,000 bundle account; and by two cents

per bundle for the 7,900 bundles of ties. As so modified, the judgment is affirmed, without costs. The special extra allowance of one-eighth of a cent, provided for with respect to bagging in plaintiffs' Exhibit 2, was to be remitted to defendant by plaintiffs at the end of the year. Plaintiffs had, therefore, until the end of the year to meet their guaranty against decline in their prices, in so far as this special extra allowance was concerned. The granting of a larger special extra allowance to other customers, to be remitted at the end of the year, did not justify defendant's refusal to take the remainder of the bagging. The contracts for bagging and for 50,000 bundles of ties provided that each invoice should stand as a separate sale. As soon as the price of each sale was paid, defendant became entitled to the special extra allowance, regardless of a subsequent breach of contract for failure to receive the balance of the bagging or to pay the balance due on 50,000 bundles of ties respectively. Before action commenced, plaintiffs had the right to apply payments on the ties account as they pleased. It is conceded by plaintiffs that the 7,900 bundles of ties were paid for. On these ties defendant is entitled to the special extra allowance by reason of the arrangements set forth in the letter that forms a part of defendant's Exhibit A. The question as to the special extra allowance was submitted as a question of right, and not of pleading. Interest was properly allowed. (*Faber* v. *City of New York*, 222 N. Y. 255.) Lazansky, P. J., Young, Kapper, Seeger and Carswell, JJ., concur. Settle order on notice; the figures, together with the interest, to be arranged in the order.